## INDUST. COMM. v. BIELAWSKI.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8432. Decided Apr. 16, 1928.

Syllabus by Editorial Staff.

**EMPLOYER & EMPLOYE.**

(250 W3) At the time an employee sustained injuries to his face, he also sustained a hernia and abdominal trouble, but the latter two did not manifest themselves until he returned to work. Held, on application for compensation, he was entitled to recover.

(250 W3) The court did not err in charging the jury on a second application for compensation for disabilities arising after an employee had returned to work, and such disabilities manifested themselves.

(250 W3) Held that eliminating any injuries to the face for which an employee had been paid, the evidence was sufficient to sustain a recovery for injuries sustained in the same accident, but not manifesting themselves until he returned to work.

Error to Common Pleas.

Judgment affirmed.

Edward C. Turner, Columbus, and John A. Elden, Cleveland, for Indust. Comm.

Forest Wilson and Wilbur T. Smith, Cleveland, for Bielawski.

### STATEMENT OF FACTS.

The defendant in error recovered a judgment for compensation at the rate of $18.75 per week, for two hundred weeks, less nine weeks at the same rate, which he had been paid by the Commission under a temporary total disability.

The defendant in error was employed by The McKinney Steel Company, and while so employed was injured by having a thirty pound hook, slipping from a mold die, strike him in the face and knock him down, and so forth.

It appears from the record that The McKinney Steel Company had complied with the compensation law and paid the insurance fund, and upon this injury accruing to the defendant in error, he made an application to the Industrial Commission for compensation for injury to the face and was allowed a temporary total disability for a period, and was paid at the rate to which he would be entitled based upon his wage earnings.

Subsequently it developed, upon this man's going back to work, that at the same time this injury to the face occurred, he received injuries which resulted in a hernia and abdominal trouble, which he did not discover until after he had gone back to work, whereupon he filed another claim for the injury causing the hernia and abdominal trouble, and this was taken up by the Commission, and some allowance was made, but it was terminated and he was not allowed to participate further in the insurance fund. In proper time an appeal was taken to the Common Pleas Court, and upon the trial in the Common Pleas Court, the case was submitted to the jury upon the record that was made before the Commission. The trial of that action resulted in a verdict of the jury for two hundred weeks of total disability at the rate of $18.75 per week, less the nine weeks that had been paid under the former order of the Commission, for the temporary total disability before alluded to. Upon a motion for a new trial being made, which was overruled, a judgment was entered upon the verdict, and it is to reverse that judgment that error is prosecuted here.

VICKERY, J.

Upon an examination of the charge of the court one will see that the court did discriminate and limit the jury's deliberation to the injury that occurred for which the present application was made, namely, the hernia and abdominal trouble. It is urged in argument that the petition set forth a lot of things relating to the first injury. If that is so, there should have been a motion to strike these things as being improper from the petition, but no motion of that kind was made, and the whole matter had to be threshed out by the court in the best manner that he could, under the circumstances, and we think that the court did eliminate all the matters that were not germane to the issue that was then before the jury. If the Industrial Commission had desired to have the attention of the jury more directly drawn to the injury for which the last complaint was filed, it seems to us that it would have been the duty of the lawyer to frame a charge which would limit the inquiry more particularly to that matter. We think, however, that the court fairly well took care of this, and after everything is said and done, the real question before this court is whether or not there was sufficient evidence upon which the jury might base a verdict for the injuries claimed.

There is some evidence in this record, and it will suffice to say that it was a question for the jury, and the jury having determined in favor of the plaintiff below, we cannot say that it is so manifestly against the weight of the evidence that it would warrant a reviewing court in reversing the case, nor does it appear but that, in spite of the commingling of the injury to the face, and the hernia and abdominal trouble set forth in the last complaint, the evidence showed that from the hernia and the abdominal trouble the plaintiff was totally incapacitated from pursuing his work for the full period for which he recovered, and there was no dispute as to the amount he would be entitled to recover. So eliminating any injuries to the face entirely, there is sufficient evidence in the record to warrant the verdict returned for the complaint made for the injury resulting in the hernia and the abdominal difficulty, and the mere fact that it happened at the same time that the injury to the face happened does not, in our judgment, make any difference.

Having gone over the entire record, we can see no reason for disturbing the verdict and the judgment thereon, and it will, therefore, be affirmed.

(Sullivan, PJ., and Levine, J., concur.)